United States District Court
Middle District of Florida
Jacksonville Division

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE FIRST INSTANCE COURT IN CIVIL AND COMMERCIAL MATTERS NO. 12 IN BUENOS AIRES, ARGENTINA, IN THE MATTER OF ISMAEL HORACIO PORCEL V. RUBÉN AMILCAR MALDONADO | NO. 3:19-MC-2-J-32PDB |

## Order

Proceeding under 28 U.S.C. § 1782, the United States asks the Court to appoint Katerina Ossenova, Esquire, as a commissioner to administer any necessary oaths, make any necessary certifications, issue any necessary subpoenas, and otherwise take actions necessary to obtain evidence requested in a Letter of Request by the First Instance Court in Civil and Commercial Matters No. 12 in Buenos Aires, Argentina, in *Ismael Horacio Porcel v. Rubén Amilcar Maldonado,* No. 61142/12. Doc. 1.

The United States attaches the original Spanish-language Letter of Request,[1] Doc. 1-1, and an English translation,[2] Doc. 1-2. The Letter of Request asks the United States, under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), March 18, 1970, 23 U.S.T. 2555 (signed by the United States on July 27, 1970, and entered into force with respect to the United States on October 7, 1972), to acquire the following information from Merrill Lynch & Co., Inc., to be used in *Porcel*:

---

[1]The Argentine court signed two Letter Requests: one dated March 8, 2018, Doc. 1-1 at 2–3, and one dated August 7, 2018, Doc. 1-1 at 4–5. The March letter contains the request for bank information, while the August letter seeks an extension of the March letter and provides an explanation of the need for the documents.

[2]The English translation of the Letter of Request dated March 8, 2018, appears incomplete, with only one of the two translated pages in the exhibit. *See* Doc. 1-2 at 3. The essential information is in the included page.

- Merrill Lynch bank statements from an account ending in 1752, in the name of Maria Julia Aguilar, from the date the account was first opened until March 8, 2018 [the date of the first Letter Request], indicating who withdrew funds in 2009, and the dates and amounts of those withdrawals; and,

- Information on a bank money transfer made on September 28, 2009, in the amount of $27,567.92, to which account it was made and how, and from whom the bank received the instructions to make such a money transfer.

Doc. 1-1 at 2; Doc. 1-2 at 3. The United States explains that, although the Letter Request provides a New York address for Merrill Lynch, its national subpoena processing office is in Jacksonville, Florida. Doc. 1 at 2, 5.

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. Iowa,* 482 U.S. 522, 524 (1987). Article 1 allows a judicial authority of a contracting state to "request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." 23 U.S.T. at 2557. Article 17 allows a person appointed as commissioner to take evidence "in aid of proceedings commenced in the courts of another Contracting State" if "(a) a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and (b) he complies with the conditions which the competent authority has specified in the permission." 23 U.S.T. at 2565.

Under 28 U.S.C. § 1782(a), "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." A court may issue such an order "pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or

other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement." 28 U.S.C. § 1782(a). The statutory requirements therefore are:

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (internal quotation marks and footnote omitted). "[T]he testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a).

If the statutory requirements are satisfied, the court may consider the following discretionary factors to decide whether granting the request is warranted:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.

*In re Clerici,* 481 F.3d at 1334 (internal quotation marks omitted). The court need not "conduct a detailed analysis of foreign law" but should focus on "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 (2d Cir. 1998).

3

The Right to Financial Privacy Act ("RFPA") limits the government's access to the financial records of customers of financial institutions. 12 U.S.C. § 3402. It provides:

> [N]o Government authority may have access to or obtain copies of, or [sic] the information contained in the financial records of any customer from a financial institution unless ... such customer has authorized such disclosure ... [or] such financial records are disclosed in response to a judicial subpena [sic] which meets the requirements of ... this title.

12 U.S.C. § 3402. It defines a "government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof." 12 U.S.C. § 3401(3). Courts have held the RFPA does not apply to requests for assistance made by foreign letters of request. *See, e.g., Young v. U.S. Dep't of Justice*, 882 F.2d 633, 636–39 (2d Cir. 1989); *In re Request from United Kingdom Pursuant to Treaty Between U.S. & Gov't of United Kingdom of Great Britain, N. Ireland on Mut. Legal Assistance in Criminal Matters in the Matter of Easier, PLC*, 3:07-MC-46-J-32MCR, 2007 WL 3286689, at *3 (M.D. Fla. Nov. 5, 2007) (unpublished).

In *Young*, the Second Circuit identified four reasons for not extending the RFPA to those appointed as commissioners who seek to obtain information from financial institutions to support a request from a foreign country: (1) in enacting the RFPA, Congress intended to "regulate the release of customer information from financial institutions in circumstances where adequate controls did not already exist," and requests from foreign courts are subject to judicial review before they are executed; (2) it would be contrary to Congress's goal of fostering reciprocal cooperation with foreign governments; (3) it would provide no additional protection because the RFPA would not prevent a private commissioner from obtaining the information; and (4) it would not increase the potential for government abuse because "a representative may apply for a commission only upon the request of a foreign party, and then only when the requesting party can adequately establish that the evidence sought will be used in a foreign tribunal." *Young*, 882 F.2d at 636–39.

The Eleventh Circuit has not decided the issue. In a footnote, it remarked the release of bank records in response to a request from a foreign tribunal would violate no United States law or privilege and stated, "The records will be released in conformance with the Right to Financial Privacy Act." *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 n.12 (11th Cir. 1988), *abrogated on other grounds by Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241, 253 (2004). The Second Circuit has observed that statement was dictum and "did no more than note that the commissioner involved would comply with the RFPA." *Young*, 882 F.2d at 638.

Here, the statutory requirements have been satisfied: the request was made by an Argentinian court; the request bank transactional information; the information is for use in an Argentinian civil action; Merrill Lynch's office for service and accepting subpoenas is in this district.

The discretionary factors weigh in favor of granting the request. Merrill Lynch is not a participant in the proceeding. *See Intel Corp.*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). The proceeding is a civil action before an Argentinian court and that court has requested the assistance, indicating it would be receptive to this Court's assistance. *See Clerici*, 481 F.3d at 1335 (finding second and third discretionary factors weighed in favor of granting assistance because the foreign tribunal was the Panamanian court and the court itself issued the request). There is no indication the request attempts to circumvent restrictions in Argentina or the United States. Absent Eleventh Circuit precedent to the contrary, under the persuasive reasoning in *Young*, RFPA does not apply to this request under § 1782. There is no indication the request is unduly intrusive or burdensome; the information requested appears reasonably calculated to ascertain financial activities a party in the Argentinian action.

Because the statutory requirements have been satisfied and the discretionary factors weigh in favor of granting the motion, the Court **grants** the United States' motion, Doc. 1, and **appoints** Ms. Ossenova as a commissioner to administer any necessary oaths, make any necessary certifications, issue any necessary subpoenas, and otherwise take any necessary and legal actions to obtain the evidence requested in the letters rogatory, Doc. 1-1.

**Ordered** in Jacksonville, Florida, on February 15, 2019.

 _____
 PATRICIA D. BARKSDALE
 *United States Magistrate Judge*

c: Katerina Ossenova
 Trial Attorney